PER CURIAM.
The supreme court in Allstate Insurance Company v. Boynton, 486 So.2d 552 (Fla.1986) held:
The UM coverage, in purpose and effect, provides a limited form of insurance coverage up to the applicable policy limits for the uninsured motorist. The carrier effectually stands in the uninsured motorist’s shoes and can raise and assert any defense that the uninsured motorist could urge. In other words, UM coverage is a limited form of third party coverage inuring to the limited benefit of the tortfeasor to provide a source of financial responsibility if the policyholder is entitled under the law to recover from the tortfeasor. It is not first party coverage even though the policyholder pays for it. In first party coverage, such as *1224 medical, collision or theft insurance, fault is not an element. The insurance carrier pays even though the policyholder is totally at fault. With UM coverage, the carrier pays only if the tortfeasor would have to pay, if the claim were made directly against the tortfeasor.
Id. at 557.
Accordingly, we reverse the final summary judgment in favor of appellee and remand this case for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ„ and GOLDMAN, MURRAY, Associate Judge, concur.